KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
700 S. FLOWER ST., SUITE 1950
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>MANUEL RAYMOND LIMA<br><br><br><br><br>DEBTOR(S). | Case No: LA16-16533-NB<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:      August 18, 2016<br>TIME:       9:30 am<br>PLACE:    ROYBAL BUILDING<br>               255 EAST TEMPLE STREET<br>               Courtroom 1545 15th Floor<br>               LOS ANGELES, CA 90012 |

TO THE HONORABLE  NEIL W. BASON,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS THE**

**DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).**

**THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.**

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED:

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

_____
KATHY A. DOCKERY, Chapter 13 Trustee

## Trustee Objections

**If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).**

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

**Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing.  The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing.  The Trustee's lockbox address is as follows:**

**Chapter 13 Trustee
P.O. Box 691
Memphis, TN 38101-0691**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

*Responses to the Trustee's Objections must be uploaded to our website latrustee.com on the tab T.R.U. If your firm is not registered for T.R.U., email our office at tru@latrustee.com for a user name and password for your firm.*

**All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to submittal to the Trustee's website.**

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | **The Plan** | |
| 1. | If the proposed Plan provides for less than a 100% dividend to class five creditors, the Debtor(s) is required to turn over all Federal income tax refunds received during the term of your Plan. | **Plan** |
| 2. | The debtor has failed to comply with Local Bankruptcy Rule 3015-1(b)(3) which requires the debtor to serve the plan with mandatory Local Bankruptcy Form 3015-1.2 "Notice of Section 341(a) Meeting and Hearing on Confirmation of Chapter 13 Plan With Copy of Chapter 13 Plan" at least 28 days before the date first set for the Section 341(a) meeting of creditors. Based on the failure to timely serve the plan pursuant to the requirements of LBR 3015-1(b)(3), the debtor is requested to reserve the plan with Form 3015-1.2 showing the confirmation hearing date as the deadline to file an objection to confirmation of the plan at least 28 days prior to the date of the scheduled confirmation hearing." | **Form 3015-1.2 with Extended Deadline for Objections to Plan** |
| 3. | The proposed Plan is infeasible due to the claim(s) filed by the following creditors.  11 U.S.C. § 1325(a)(6).<br>• Santander Consumer USA Inc. | **Plan** |
| 4. | The debtor's proposed plan appears infeasible due to the failure of debtors to demonstrate sufficient monthly net income on Schedule J to make the plan payments as proposed. 11 U.S.C. § 1325(a)(6). | **Plan**<br>**Schedule J** |

Manuel Raymond Lima
1616533
8/2/2016 3:06:56 PM

| | | |
|---|---|---|
| 5. | The debtor did not disclose the tax liabilities owed to taxing authorities including the IRS. | **Schedule E** **Plan** |
| 6. | The Debtor(s) has failed to disclose their 2007 Sea Ray 220 SDT.  See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Plan** **Schedule B** **Schedule D** |
|  | Income (Schedule I) | |
| 7. | The debtor is requested to notify the Trustee when and if the debtor receives an inheritance of payment from the estate of his father. | **Schedule I** |
| 8. | The Debtor(s) is requested to provide a copy of the 2015 Federal Income Tax Returns. The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).   The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **2015 Federal Income Tax Return** |
| 9. | The Debtor(s) has failed to provide all required business proof of income. The Debtor is required to produce the following:<br><br>• 1099 Statements from 2015<br>• Business Bank Statements for the 3 months prior to bankruptcy.<br>• Summary of all deposits pursuant to the produced bank statements<br>• Evidence of appropriate business insurance and required licenses;<br><br>See L.B.R. § 3015-1(c)(4). | **As Stated** |
| 10. | The combined monthly income listed on Schedule I is incorrect.  The Debtor is requested to amend the schedule to disclose the accurate total. The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately.  *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule I** |
|  | Expenses (Schedule J) | |
| 11. | The Debtor(s) has failed to disclose their boat  insurance expense.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule J** |
|  | Assets (Schedules A,B,C) | |
| 12. | The Debtor is requested to provide proof of the value of his real property and disclose the accurate fair market value for the real property located at 21550 Chatsworth Street, Chatsworth, CA 91311. The Debtor has the burden of proof for plan confirmation.  See *In re: Hill*  268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Schedule A** |
|  | Attorney Fees | |
| 13. | The Debtor(s) is requested to provide a properly executed and conformed copy of the Rights and Responsibilities Agreement. L.B.R. § 3015-1(u); the Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **RARA** |

Manuel Raymond Lima
1616533
8/2/2016 3:06:56 PM

| | Good Faith | |
|---|---|---|
| 14. | Due to the failure of the Debtor(s) to obtain a motion extending or imposing the automatic stay, the presumption of the case not filed in good faith has arisen. The Debtor(s) is requested to file a declaration which shows, by clear and convincing evidence, that the instant case is filed in good faith.  If relevant, said declaration should include evidence that there has been a substantial change in the financial or personal affairs of the debtor since the dismissal of the prior case.  11 U.S.C. §362( c)(3)( C) or 11 U.S.C. §362( c)(4)(D). | **As Stated** |
| | **Miscellaneous Objections** | |
| 15. | The Debtor(s) is requested to provide a declaration regarding: Filing of Tax Returns and Payment of Domestic Support Obligations (Form 3015-1.8.Dec.Tax.Dso). The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **Tax/DSO Declaration** |
| 16. | The Debtor(s) is requested to provide adequate evidence of the arrearage set forth in the most recently filed plan in order to show that the proposed plan is feasible.  See 11 U.S.C. §1325(a)(6).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).  This evidence is requested in light of the fact that creditors are adapting their procedures to comply with the new revisions set forth in amended FRBP Rule 3001 and are therefore filing proofs of claims after the duly noticed confirmation hearing.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Most Recent Mortgage Statement** |
| 17. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.  Failure to do so may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8). | **Evidence of Plan Payments** |

Manuel Raymond Lima
1616533
8/2/2016 3:06:56 PM

| In re: **MANUEL RAYMOND LIMA** | CHAPTER: 13 |
| | CASE NUMBER: **LA16-16533-NB** |

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
700 S. Flower Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document described as "TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN (BATCH)", will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 8/3/16, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/3/16 | Celenia Ramos | /s/ Celenia Ramos |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**

| In re: **MANUEL RAYMOND LIMA** | CHAPTER: 13 |
|---|---|
| | CASE NUMBER: **LA16-16533-NB** |

## Service List

ASCENSION CAPITAL GROUP
ATTN: CAPITAL ONE N.A. DEPARTMENT
P.O. BOX 165028
IRVING, TX 75016

LAW OFFICES OF LEE LINSON
11901 SANTA MONICA BLVD STE 449
LOS ANGELES, CA 90025

Manuel Raymond Lima
6055 Washington Boulevard
Commerce, CA 90040

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                              **F 9013-3.1**